IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOANN B. SIMPSON, | ) | 1:10cv0337 DLB |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING PLAINTIFF'S |
| | ) | MOTION TO AUGMENT THE RECORD |
| | ) | |
| | ) | (Document 18) |
| vs. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on a motion to augment the record filed on November 19, 2010, by Plaintiff Joann B. Simpson ("Plaintiff"). The Commissioner filed an opposition on December 20, 2010. Plaintiff thereafter filed a reply on December 30, 2010.

The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge.[1]

**BACKGROUND**

In May 1999, Plaintiff filed an application for supplemental social security income under Title XVI of the Social Security Act. AR 152-54. The application was denied initially and upon reconsideration. AR 94-97, 99-102. Following multiple remands, an ALJ ultimately issued a

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge.

1

partially favorable decision on June 15, 2007 (" 2007 decision"). AR 22-35.  In July 2007, Plaintiff filed a Form SS-1696-U4, appointing Lawrence Rohlfing as her representative.  AR 19.  Plaintiff also requested review of the 2007 ALJ decision.  The request for review was signed by both Plaintiff and Mr. Rohlfing.  AR 18.

Thereafter, in August 2007, Plaintiff filed another application for benefits under Title XVI. Declaration of Patrick J. Herbst ("Herbst Dec."), ¶ 3(a).  Plaintiff also filed another Form SSA-1696-U4, appointing the Department of Public Social Services SSI Assistance Program ("DPSS") as her representative.  AR 16.  Plaintiff's August 2007 application was denied initially and on reconsideration.  Herbst Dec. ¶ 3(a).  On June 16, 2009, an ALJ issued an unfavorable decision ("2009 decision").  Herbst Dec. ¶ 3(a); Attachment 1 to Declaration of Lawrence D. Rohlfing ("Rohlfing Dec.").

On August 10, 2009, Mr. Rohlfing requested that the Appeals Council review the 2009 decision and remand for a single consolidated hearing on the period beginning December 2000. Attachment 2 to Rohlfing Dec.  The request for review was signed by Mr. Rohlfing, but not by Plaintiff.  Attachment 2 to Rohlfing Dec. pp. 2 and 3; Herbst Dec. ¶ 3(b).

On August 25, 2009, the Appeals Council permitted Plaintiff and Mr. Rohlfing to submit additional evidence or a statement, specifying that any evidence "must be new *and* material to the issues considered in the hearing decision dated June 15, 2007."  AR 10-11.

On December 3, 2009, the Appeals Council denied review of the 2007 decision.  AR 7-9. The denial letter stated:

> The Appeals Council also considered the reference to the June 16, 2009 hearing decision, made in your representative's letter, dated August 10, 2009 and the request that, along with the current decision, that decision be vacated and remanded for a decision on the combined claims.  However, your representative in this case is not the designated representative in your subsequent claim and is therefore not a proper party to the decision in that claim.  Therefore, the form HA 520-U5 that was submitted with that letter and which is not signed by you, does not constitute an effective filing of a request for review of the June 16, 2009 hearing decision.

AR 8.  The Appeals Council sent a copy of the denial letter to Plaintiff and Mr. Rohlfing. AR 9.

2

Plaintiff filed his complaint in this action on February 23, 2010.

On July 8, 2010, the Commissioner lodged the administrative transcript. Thereafter, on September 20, 2010, the parties stipulated that certain pages of the administrative transcript were not relevant to the claim at issue and would not be a basis for a claimed error. The parties also agreed that the Court would return the transcript and a new certified administrative transcript would be filed. (Doc. 20).

On September 22, 2010, the Commissioner lodged a new administrative transcript regarding the 2007 decision.

On November 19, 2010, Plaintiff filed the instant motion to augment the record with the file from the 2009 decision. The Commissioner filed an opposition to the motion and Plaintiff filed a reply.

**DISCUSSION**

Plaintiff contends that her complaint brings both the 2007 and 2009 decisions before the court for review. Therefore, she seeks an order compelling the Commissioner to produce the record for the 2009 decision. The Commissioner counters that Plaintiff has not exhausted the requisite administrative remedies and this Court lacks subject matter jurisdiction to review the 2009 decision.

Under the Social Security Act, a claimant may seek judicial review of "any final decision ... made after a hearing to which he was a party." 42 U.S.C. § 405(g); see also 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing ... shall be subject to judicial review ... to the same extent as the Commissioner's final determinations under section 405."). There is no "final decision" in a Social Security case until the Appeals Council either grants or denies review. *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir.1989) (per curiam).

Here, the Appeals Council did not grant or deny Plaintiff's request for review of the 2009 decision. Rather, the Appeals Council rejected Plaintiff's appeal of the 2009 decision because the request was improperly filed. AR 7-9. The rejection was not a final reviewable order as the Appeals Council did not reach the merits of Plaintiff's claim. *See Matlock v. Sullivan*, 908 F.2d 492, 493-94 (9th Cir.1990) (noting that a "final decision" refers to a final decision on the merits).

3

The Supreme Court, however, recognized an exception to the rule that a district court is precluded from reviewing a nonfinal decision in *Califano v. Sanders,* 430 U.S. 99 (1977). There, the Court explained that federal subject matter jurisdiction exists "where the . . . denial of a petition to reopen is challenged on constitutional grounds." *Sanders*, 430 U.S. at 109. "Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." *Id.* The Ninth Circuit applies this exception "to any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir.2008) (citations omitted).

Here, Plaintiff alleges that the Appeals Council denied her due process rights by dismissing her request for review.  Plaintiff cites no supporting authority.  A "mere allegation" of a due process violation does not establish federal jurisdiction. *Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir.1992); *see also Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001) (claimant did not establish jurisdiction under 42 U.S.C. § 405(g) where she raised "no explicit constitutional claims").

Plaintiff further asserts that her due process rights were violated when the Appeals Council determined that Mr. Rohlfing was not her representative in the 2009 case and her request for review was not effectively filed.  This assertion lacks merit.  It is clear from the record that Plaintiff designated Mr. Rohlfing as her representative in appealing the 2007 decision and subsequently designated DPSS as her representative in connection with the 2009 decision.  The parties dispute whether or not Mr. Rohlfing was required to file a Form SSA-1696-U4 identifying him as Plaintiff's representative regarding the 2009 ALJ decision.  However, it is unnecessary for the Court to resolve the issue of whether a form was required.  In this case, there was no affirmative evidence presented to the Appeals Council, by form or otherwise, to indicate that DPSS no longer represented Plaintiff in the 2009 decision.  Indeed, there was no indication that Plaintiff consented to or acknowledged Mr. Rohlfing's representation in appealing the 2009 decision.  Mr. Rohlfing's letter to the Appeals Council accompanying the request for review did not indicate that he was authorized by Plaintiff to appeal the 2009 decision.  Moreover, the request for review itself was signed only by Mr. Rohlfing,

not Plaintiff.  Attachment 2 to Rohlfing Dec.; Herbst Dec. ¶ 3(c).  In other words, the only information available to the Appeals Council demonstrated that DPSS, not Mr. Rohlfing, represented Plaintiff with regard to the 2009 decision.

Plaintiff appears to assert that the Appeals Council recognized that Mr. Rohlfing represented her by inviting Mr. Rohlfing to provide new and material evidence and argument in support of the request for review.  Motion, pp. 5-6.  However, this does not demonstrate a recognition by the Appeals Council that Mr. Rohlfing represented Plaintiff in the 2009 decision.  Instead, the Appeals Council expressly indicated that Mr. Rohlfing could submit evidence that was "new *and* material to the issues considered in the hearing decision dated June 15, 2007."  AR 10 (emphasis in original).

Furthermore, Plaintiff's failure to respond to the December 2009 notice from the Appeals Council undermines her due process claim.  The Appeals Council clearly informed Plaintiff that Mr. Rohlfing was not her designated representative on the claims in the 2009 decision and her request for review of the 2009 decision was not effectively filed.  AR 7-9.  Both Plaintiff and Mr. Rohlfing received notification that the request for review had not been effectively filed, but neither of them took any responsive action.  Mr. Rohlfing did nothing to demonstrate that he represented Plaintiff regarding the 2009 decision.  He did not file a new Form SSA-1696-U4 or a signed consent from Plaintiff.  He did not submit a further request for review by the Appeals Council or seek an extension of time from the Appeals Council to request review.  Herbst Dec. ¶¶ 3(c).

In her reply, Plaintiff contends that she was not required to "follow up" with the Appeals Council "other than filing a complaint with the District Court based on the dismissal of the timely submitted request for review."  Reply, p. 5.  Plaintiff asserts that her complaint "brings everything in the substance of the Appeals Council denial of review/dismissal of the request for review before the Court."  Reply, p. 5.  However, Plaintiff's assertion is undermined by the complaint itself.  Here, Plaintiff's complaint is limited to the Appeals Council's denial of her request for review of the June 2007 decision.  Complaint, ¶ 8 ("On December 3, 2009, the Appeals Council denied the request for review, at which time the ALJ's decision became the final decision of the Commissioner.").  The complaint does not contain a claim regarding the 2009 decision or a claim that the Appeals Council

5

violated Plaintiff's due process rights in rejecting her appeal of the 2009 decision.

Plaintiff's motion is further undermined by the stipulation and record before this Court. As noted above, the parties stipulated to remove certain documents from the administrative record. According to the Commissioner, the removed documents related to the 2009 decision. Opposition, p. 7. Based on the terms of the stipulation, Mr. Rohlfing agreed that the removed documents were "not relevant to the claim at issue in this action" and "will not be a basis for a claimed error." (Doc. 12.) Plaintiff has not addressed the stipulation in her moving papers.

## CONCLUSION AND ORDER

Based on the above, the Court concludes that Plaintiff has not exhausted her administrative remedies and has not stated a colorable due process claim to establish federal jurisdiction regarding the 2009 decision. As such, Plaintiff's motion to order the Commissioner to augment the record is DENIED.

IT IS SO ORDERED.

Dated:   **January 20, 2011**            **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE